**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SUSAN OBERLANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 1:24-cv-00951-JLH |
| | ) | |
| NEW CASTLE COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
<u>MOTION TO DISMISS</u>**

**NEW CASTLE COUNTY OFFICE OF LAW**
Wilson B. Davis (No. 5154)
County Attorney
E-mail: Wilson.Davis@newcastlede.gov
Helene Episcopo (No. 6406)
Assistant County Attorney
E-mail: Helene.Episcopo@newcastlede.gov
New Castle County Government Center
87 Reads Way
New Castle, DE 19720
Telephone: (302) 395-5130
*Attorneys for Defendants*

Dated: August 29, 2024

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................. ii

NATURE AND STAGE OF THE PROCEEDINGS ............................................ 1

SUMMARY OF ARGUMENT .......................................................................... 2

STATEMENT OF FACTS ................................................................................ 4

STANDARD OF REVIEW ............................................................................... 7

ARGUMENT ................................................................................................... 8

   I.   THE INDIVIDUAL DEFENDANTS ARE NOT PROPER PARTIES TO THIS ACTION .................................................................................. 8

   II.   COUNT I IS A SHOTGUN PLEADING THAT VIOLATES RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE ............................. 9

   III.   PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES WITH REGARD TO THE FACTS ALLEGED IN THE SECOND CHARGE OF DISCRIMINATION .................................... 11

   IV.   COUNT II MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE THE REQUISITE CAUSAL CONNECTION FOR HER RETALIATION CLAIM ....................... 11

   V.   COUNT III IS A SHOTGUN PLEADING THAT VIOLATES RULE 8(A)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE; IT SHOULD BE DISMISSED ................................................................ 14

   VI.   COUNT V MUST BE DISMISSED BECAUSE THE COUNTY IS STATUTORILY IMMUNE TO STATE TORT CLAIMS SEEKING RECOVERY OF DAMAGES ............................................................ 14

   VII.   COUNT VI MUST BE DISMISSED BECAUSE THE DDEA IS THE SOLE REMEDY FOR EMPLOYMENT DISCRIMINATION CLAIMS UNDER DELAWARE STATE LAW ................................................ 15

CONCLUSION ............................................................................................... 16

## TABLE OF AUTHORITIES

**Page**

## CASES

*Adger v. Carney*,
    2020 WL 1475422 (D. Del. Mar. 26, 2020) ...........................................................10

*Adger v. Coupe*,
    2022 WL 777196 (3d Cir. Mar. 14, 2022) ........................................................8, 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................7

*Bartol v. Barrowclough*,
    251 F. Supp. 3d 855 (E.D. Pa. 2017) .....................................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................7

*Burgh v. Borough Council of Borough of Montrose*,
    251 F.3d 465 (3d Cir. 2001) ...................................................................................11

*Clark County Sch. Dist. v. Breeden*,
    532 U.S. 268 (2001) ................................................................................................12

*Clemons v. New Castle County*,
    2020 WL 5978343 (D. Del. Oct. 8, 2020) ................................................................9

*El v. Cook*,
    2018 WL 503252 (D. Del. Jan. 22, 2018) .................................................................7

*E.E.O.C. v. Avecia, Inc.*,
    151 F. App'x 162 (3d Cir. 2005) ............................................................................15

*Farrell v. Planters Lifesavers Co.*,
    206 F.3d 271 (3d Cir. 2000) ...................................................................................11

*Hurst v. City of Dover*,
    2009 WL 364667 (D. Del. Feb. 13, 2009) ..............................................................14

*Hynson v. City of Chester Legal Dep't*,
    864 F.2d 1026 (3d Cir. 1988) ...................................................................................9

*Kachmar v. SunGard Data Sys., Inc.*,
    109 F.3d 173 (3d Cir. 1997) ...................................................................................12

*LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*,
  503 F.3d 217 (3d Cir. 2007)..................................................................11, 12

*Matthews v. Mountaire Farms of Delaware, Inc.*,
  2008 WL 1836692 (D. Del. Apr. 22, 2008) ...................................................13

*McCaffrey v. City of Wilmington*,
  133 A.3d 536 (Del. 2016) ...............................................................................14

*Moore v. City of Philadelphia*,
  461 F.3d 331 (3d Cir. 2006)............................................................................13

*Neuberger v. Gordon*,
  567 F. Supp. 2d 622 (D. Del. 2008)..................................................................8

*Owens v. Connections Community Support Programs, Inc.*,
  840 F. Supp. 2d 791 (D. Del. 2012)..................................................................8

*Phillips v. County of Allegheny*,
  515 F.3d 224 (3d Cir. 2008)..............................................................................8

*Robinson v. Southeastern Pa. Transp. Auth.*,
  982 F.2d 892 (3d Cir. 1993)............................................................................12

*Shaw v. New Castle County*,
  2021 WL 4125648 (D. Del. Sept. 9, 2021) .....................................................13

*Sousa v. Amazon.com, Inc.*,
  2023 WL 7486751 (D. Del. Nov. 13, 2023) ....................................................11

*Wilcoxon v. Red Clay Consol. Sch. Dist. Bd. of Educ.*,
  437 F. Supp. 2d 235 (D. Del. 2006)................................................................15

*Talley v. Harper*,
  2017 WL 413069 (W.D. Pa. Jan. 31, 2017).....................................................10

*Wright v. City of Philadelphia*,
  2005 WL 3091883 (E.D. Pa. Nov. 17, 2005) ....................................................9

## RULES

Fed. R. Civ. P. 12(b)(6) ..................................................................... *passim*

Fed. R. Civ. P. 8.................................................................................. *passim*

Fed. R. Civ. P. 8(a)(2) ...............................................................10, 14, 15

## STATUTES AND OTHER AUTHORITIES

10 *Del. C.* § 4011(a) ...................................................................................................14

10 *Del. C.* § 4012 .......................................................................................................14

42 U.S.C. § 1983 ..........................................................................................................14

Delaware Discrimination in Employment Act, 19 *Del. C.* § 710, *et seq.* ...........................3, 10, 15

Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) ...............................................10

Defendants, New Castle County (the "County"), County Executive Matt Meyer ("Meyer"), County Chief Financial Officer Michael Smith ("Smith"), and County Chief Human Resources Officer Jacqueline Jenkins ("Jenkins") (collectively, "Defendants"), respectfully submit this brief in support of their motion (the "Motion") for entry of an order dismissing in-part Plaintiff Susan Oberlander's ("Plaintiff") Complaint, D.I. 1, (the "Complaint") pursuant to Rules 8 and 12(b)(6) of the Federal Rule of Civil Procedures.

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff is an employee of the County. Plaintiff filed a Complaint on August 15, 2024, asserting federal and state claims stemming from two series of text messages Plaintiff received from another employee at the County, and two later unsuccessful attempts to secure a promotion at the County. Plaintiff named the County as a defendant, as well as several individuals in their official capacities: County Executive Matt Meyer, County Chief Financial Officer Michael Smith, and County Chief Human Resources Officer Jacqueline Jenkins.

Defendants filed a motion to dismiss the Complaint. This is Defendants' Opening Brief in Support of the Motion.

## SUMMARY OF ARGUMENT

(1)     **The Individual Defendants Must Be Dismissed**.  Despite naming Meyer, Smith, and Jenkins as Defendants in this action, not one of the Complaint's five counts is directed at them. Thus, the Complaint fails to give fair notice to these defendants of the claims against them in violation of Rule 8.  Moreover, this Court has held that when a government entity is named, it is "redundant" and improper to bring official capacity claims against individual defendants.

(2)     **Counts I and III Are "Shotgun Pleadings."** Counts I and III incorporate dozens of preceding paragraphs without any sifting process, contain multiple claims predicated on both state and federal law, and are directed at a single unspecified "Defendant," despite the Complaint naming four separate defendants.  This shotgun approach to pleading is prohibited by Rule 8.

(3)     **Plaintiff Failed to Exhaust her Administrative Remedies with respect to her Claims in Count II Related to Her Second Charge.**  Because neither the Delaware Department of Labor nor the Equal Employment Opportunity Commission had issued a right to sue letter for her Second Charge before filing the Complaint, Plaintiff failed to exhaust her administrative remedies.

(4)     **Count II Fails to State a Title VII Retaliation Claim**.  Plaintiff failed to adequately plead the requisite causal connection for her retaliation claim.  She failed to show an "unusually suggestive" temporal proximity between her protected activity and the adverse employment action in one instance and failed to show that the County was aware of her protected activity in another.

(5)     **Count IV's State Law Claims Are Barred by Delaware Statutory Immunity**. Plaintiff's state tort claims of negligent hiring, supervision, and training are barred by the Delaware Code's County and Municipal Tort Claims Act.

(6)     **Count V's State Law Claim Has Been Superseded by Delaware Statute**.  The Delaware General Assembly expressly superseded common claims of breach of implied covenant of good

faith and fair dealing that are predicated on employment discrimination, codifying the Delaware Discrimination in Employment Act as the "sole remedy" for such claims.

**STATEMENT OF FACTS**[1]

The County hired Plaintiff on July 2, 2018. Plaintiff was employed with the County as a Certified Assessor II on August 15, 2024 when she filed the Complaint and was promoted to Assessment Analyst effective August 19, 2024. D.I. 1 ¶ 2;[2] ¶ 28.

On July 9, 2022, another County employee, John Farnan ("Farnan"), sent a series of inappropriate text messages to Plaintiff on her personal phone. *Id.* at ¶ 40. Plaintiff e-mailed Farnan on July 11, 2022, telling him that she would no longer communicate with him via text message. *Id.* at ¶ 42. Plaintiff did not contemporaneously report this incident to her supervisors.

On November 8, 2022, Farnan sent a series of text messages of a similar nature to Plaintiff's work phone. *Id.* at ¶ 43. On November 9, 2022, Plaintiff reported the text messages to her manager, Denzil Hardman ("Hardman"), who is the County Accounting and Fiscal Manager. *Id.* at ¶ 45. That same day, the County Office of Human Resources ("County HR") contacted Plaintiff and asked her to fill out a complaint. *Id.* at ¶ 50.

County HR substantiated Plaintiff's complaint after an investigation that concluded on March 23, 2023. *Id.* at ¶ 57. As a result, the County demoted Farnan. *Id.* at ¶ 60. The Complaint alleges no offensive conduct by Farnan after November 8, 2022. The Complaint alleges that Plaintiff and Farnan are in "continued contact … by way of department meetings, internal communications, work events, and other such means." *Id.*

On May 4, 2023, Plaintiff filed a Charge of Discrimination (the "First Charge") with the Delaware Department of Labor ("DDOL") and Equal Employment Opportunity Commission, premised on the purported failure to discipline Farnan (apparently Plaintiff was unaware at the

---

[1] As required at this stage, Defendants treat the facts alleged in the Complaint as true.

[2] Plaintiff's Complaint contains two paragraphs labeled 2. This reference is to the second paragraph labeled 2 in the Nature of the Action section.

time of filing that Farnan had been demoted). *Id.* at ¶ 17.

On July 10, 2023, Plaintiff applied for a promotion to Property Assessment Services Administrator. D.I. 1 ¶ 67; ¶ 69. Hardman sat on the selection interview panel with two other panelists, and the interview process was overseen by a County HR employee. *Id.* at ¶ 68. Plaintiff was unsuccessful, and another County employee was promoted to Property Assessment Services Administrator on September 18, 2023. *Id.* at ¶ 69.

On October 2, 2023, Plaintiff applied for the position of Assessment Analyst. *Id.* at ¶ 77. Her selection panel interview was scheduled for October 25, 2023. *Id.* at ¶ 73. On October 23, 2023, two days prior to the interview, Plaintiff filed a second Charge of Discrimination (the "Second Charge") with the Delaware Department of Labor ("DDOL") and Equal Employment Opportunity Commission ("EEOC"), premised on the failure to promote her for the Property Assessment Services Administrator position. *Id.* Hardman again sat on the interview panel with two other panelists, and the interview process was overseen by a County HR employee. *Id.* at ¶ 77. Plaintiff again was unsuccessful, and on November 9, 2023, another County employee was selected for promoted to that position. *Id.* at ¶ 78.

On November 20, 2023, Plaintiff filed a third Charge of Discrimination (the "Third Charge") with the DDOL and EEOC, premised on the failure to promote her for the Assessment Analyst position. *Id.* at ¶ 21.

Plaintiff does not specifically allege that anyone at the County knew about the Second or Third Charges prior to the hiring decision on November 9, 2023. Plaintiff alleges vaguely, without differentiation between the charges, that Hardman was "aware of Plaintiff's prior complaints of sexual harassment, discrimination, and retaliation." *Id.* at ¶ 83. Of course, Hardman was aware of Plaintiff's complaints exactly a year prior, on November 9, 2022, and may have become aware

of the First Charge.  However, Plaintiff fails to allege that Hardman was aware of the Second or Third Charges by November 9, 2023.

On June 25, 2023, the DDOL issued a "Reasonable Cause Determination" on the First Charge.  D.I. 1, Ex. A at 1.  Inconsistently, however, the DDOL found that Plaintiff had failed to establish material elements in each of the two claims the DDOL identified.  *Id*.  First, as to sex discrimination,[3] the DDOL found that Plaintiff had failed to establish that there was an adverse employment action.  *Id*.  Second, as to hostile work environment, Plaintiff had failed to establish that the conduct became a condition of continued employment.  *Id*.

The Complaint does not allege that Plaintiff received a determination or right to sue letter from DDOL or EEOC regarding the Second Charge.  *See* D.I. 1.

The DDOL issued a "No Cause Determination and Dismissal" on the Third Charge on May 17, 2024, and the EEOC adopted the DDOL's findings on June 17, 2024.  D.I. 1, Ex. C & D.

_____

[3] The precise claim is not identified; the heading is merely "Sex (Female)."

## **STANDARD OF REVIEW**

In considering a motion to dismiss pursuant to Rule 12(b)(6), "the court accepts all factual allegations as true, construes the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *El v. Cook*, 2018 WL 503252, at *1 (D. Del. Jan. 22, 2018) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts sufficient "to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A complaint must contain factually plausible averments that the alleged wrongdoing occurred and that there is "more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. 662 at 678 (citations omitted).

<u>**ARGUMENT**</u>

**I.     THE INDIVIDUAL DEFENDANTS ARE NOT PROPER PARTIES TO THIS ACTION**

Plaintiff improperly names Meyer, Smith, and Jenkins as defendants in their official capacities, and they should be dismissed from this litigation.

First, **none** of the Complaint's five counts are directed at any individual defendant or even mentions them by name.  Instead, each count is directed at an unspecified "Defendant."  *E.g.*, D.I. ¶¶ 94, 137, 145, 166, 171.  The Complaint fails to state any claim against any individual defendant, and therefore the Complaint violates Rule 8 by failing to give the individual defendants proper notice of the claims against them.  *Adger v. Coupe*, 2022 WL 777196, at *2 (3d Cir. Mar. 14, 2022) (complaint violates Rule 8 if it "fails to provide the defendants basic notice regarding the nature of the claims and allegations against them") (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)).  This violation of Rule 8 warrants the individual defendants' dismissal.

Second, this Court has held that it is improper to name an individual defendant in his official capacity when raising the same claim against the government or employer itself; such official capacity claims are "redundant," and the Court exercises its discretion to dismiss them. *Neuberger v. Gordon*, 567 F. Supp. 2d 622, 631 (D. Del. 2008) (dismissing official capacity claims against County officials); *see also Owens v. Connections Community Support Programs, Inc.*, 840 F. Supp. 2d 791, 796 (D. Del. 2012) (collecting cases, and dismissing official capacity claims and holding that "if the employer is named as a defendant, the same discrimination claim against an employee in his official capacity is redundant") (citations omitted).[4]

---

[4]  Plaintiff's counsel is aware of this Court's dim view of this practice, as this Court pointed out

Because there is no notice of the claims made against the individual defendants in violation of Rule 8, and because official capacity claims are redundant, the Court should exercise its discretion to dismiss the individual defendants from this suit.

## II.    COUNT I IS A SHOTGUN PLEADING THAT VIOLATES RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Count I is the quintessential "shotgun pleading;" it incorporates dozens of preceding paragraphs, contains multiple claims (premised on both state and federal law), and is directed at one unidentified "Defendant," despite there being four defendants named in the lawsuit.  This manner of pleading violates Rule 8 and requires dismissal of the Count I.

"[T]he Third Circuit ... has a policy against Plaintiffs using a 'shotgun pleading approach' ... and requires civil rights cases [to] be plead[ed] with considerable specificity." *Wright v. City of Philadelphia*, 2005 WL 3091883, at *11 (E.D. Pa. Nov. 17, 2005) (citing *Hynson By & Through Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988)).  Courts have found the following to constitute impermissible shotgun complaints:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple

---

her failure to address this same issue in a previous suit against the County:

> Defendants argue—without response from Plaintiff—that, as a matter of law, any alleged liability for the Individual Defendants' actions lie with the County, not with the individuals.  Additionally, Defendants argue that Plaintiff's official capacity claims are properly raised against the county itself.  Should Plaintiff pursue her Fourteenth Amendment claims against the Individual Defendants further [in a second amended complaint], Plaintiff should be prepared to respond to the aforementioned arguments.

*Clemons v. New Castle County*, 2020 WL 5978343, at *7 n.13 (D. Del. Oct. 8, 2020).

defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) (cleaned up).  Count I of Plaintiff's Complaint meets three of these elements: (1), (3), and (4) above.

First, Count I incorporates dozens of preceding paragraphs without any sifting of which paragraphs are actually pertinent to it.  Second, Count I contains multiple causes of action, premised on both federal and state law.  Plaintiff references Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), along with Delaware Discrimination in Employment Act ("DDEA"), 19 *Del. C.* § 710, and then confounds things further by listing two distinct claims in Count I's heading and throughout the Count: "sexual harassment and hostile work environment."  Third, Count I is directed at an unspecified single "Defendant," though there are four defendants named in the suit.

Count I, in brief, is not "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8, and does not give Defendants "fair notice" of the claims against them.  *See Adger v. Carney*, 2020 WL 1475422, at *7 (D. Del. Mar. 26, 2020) (dismissing shotgun pleading as violating Rule 8); *Adger v. Coupe*, 2022 WL 777196, at *2 (Rule 8 intended to give "fair notice" to defendants).  This Court has recognized that "[t]he plaintiff who files such a shotgun complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. This is not the job of either a defendant or the Court."  *Id.* (quoting *Talley v. Harper*, 2017 WL 413069, at *2 (W.D. Pa. Jan. 31, 2017)).  Consequently, the Court should dismiss Count I without prejudice pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure.

**III.    PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES WITH REGARD TO THE FACTS ALLEGED IN THE SECOND CHARGE OF DISCRIMINATION**

At the time Plaintiff filed her Complaint on August 15, 2024, Plaintiff had not received a right to sue notice from the DDOL or EEOC for the Second Charge of Discrimination, Charge Number OBE102323/17C-2024-00189, that was dual-filed on October 23, 2023.  Thus, Plaintiff had not exhausted her administrative remedies with regard to the allegations in the Second Charge related to her application and non-selection for the position of Property Assessment Services Administrator.  *See Burgh v. Borough Council of Borough of Montrose,* 251 F.3d 465, 470 (3d Cir. 2001) ("A complainant may not bring a Title VII suit without having first received a right-to-sue letter.").  Consequently, the portion of Count II related to the Second Charge must be dismissed.

**IV.    COUNT II MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE THE REQUISITE CAUSAL CONNECTION FOR HER RETALIATION CLAIM**

Plaintiff's retaliation claim fails because she cannot establish one of its elements: the causal connection between her protected activity and the alleged adverse employment action.

"To establish a prima facie case of retaliation, a plaintiff must show, among other things, a causal link between [the] protected activity and the employer's adverse action." *Sousa v. Amazon.com, Inc.*, 2023 WL 7486751, at *4 (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000)).  A Court may consider a broad array of circumstantial evidence in determining whether a causal link exists, perhaps the most common being the temporal proximity between the protected activity and the adverse employment action. *See id*.  When a plaintiff relies on temporal proximity alone, however, the timing must be "very close" and "unusually suggestive." *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007)

(quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)). If temporal proximity is lacking, "circumstantial evidence of a 'pattern of antagonism' following the protected conduct can also give rise to the inference." *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir. 1997) (quoting *Robinson v. Southeastern Pa. Transp. Auth.,* 982 F.2d 892, 895 (3d Cir. 1993)).

Conceptually, there are two pairings of protected activity and adverse employment action at issue here. The first pairing is the activity leading up to the first alleged failure to promote on September 18, 2023. The second pairing is the activity leading up to the second alleged failure to promote on November 9, 2023. For ease of reference, the relevant timeline is as follows:

| | |
|---|---|
| 11/09/22 (protected activity): | Plaintiff reports the 11/08/22 texts |
| 05/04/23 (protected activity): | Plaintiff files First Charge |
| <u>09/18/23 (adverse employment action):</u> | <u>Another employee is promoted over Plaintiff</u> |
| | |
| 10/23/23 (protected activity): | Plaintiff files Second Charge |
| <u>11/09/23 (adverse employment action):</u> | <u>Another employee is promoted over Plaintiff</u> |

As to the first pairing, there is over a four-month gap between the latest alleged protected activity on May 4, 2023, and the first alleged adverse employment action on September 18, 2023. This timing, alone, is insufficient to establish a causal connection. *See, e.g., Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74, 121 S. Ct. 1508, 1511, 149 L. Ed. 2d 509 (2001) (citing cases where the passage of three and four months between the protected activity and the adverse action was insufficient, by itself, to establish a causal connection); *LeBoon*, 503 F.3d at 233 (gap of three months, without more, insufficient to establish causal connection). Plaintiff zeroes in on Hardman as the spoiler of her promotion, because he sat on the interview panel and was aware of the November 9, 2022 report and the First Charge. But Plaintiff has failed to allege any "pattern of antagonism" by Hardman, or anyone else at the County, that began or escalated after November 9, 2022 or May 4, 2023, that can forge the causal connection to the alleged September 18, 2023 adverse employment action. Consequently, the first alleged instance of the County's failure to

promote cannot support a retaliation claim.

As to the second pairing, Plaintiff may assert that there is a much closer temporal gap—17 days. The problem is that Plaintiff has not sufficiently alleged that anyone at the County was **aware** of the Second Charge she filed on October 23, 2023, before the promotion decision was made on November 9, 2023. "To establish a causal connection between the employee's protected activity and the employer's adverse action, the employer must have knowledge of the protected activity." *Matthews v. Mountaire Farms of Delaware, Inc.*, 2008 WL 1836692, at *5 (D. Del. Apr. 22, 2008). In fact, the County did not receive notice of the Second Charge from the DDOL until February 1, 2024, nearly **three months after the promotion decision was made**. Exhibit A.[5] The County could not have retaliated against Plaintiff on November 9, 2022 for an activity it did not learn about until February 1, 2023. *Moore v. City of Philadelphia*, 461 F.3d 331, 351 (3d Cir. 2006) ("It is not reasonable for a factfinder to infer that an employer's reaction was motivated by an intent to retaliate for conduct of which the employer's decision maker was not aware."). Plaintiff alleges vaguely that Hardman was aware of Plaintiff's "prior complaints," but she does not specify which complaints. D.I. 1 ¶ 83. Plaintiff cannot be permitted to vaguely plead her allegations in order to avoid dismissal of her retaliation claim, and the Court should dismiss Count II without prejudice pursuant to Rule 12(b)(6). If Plaintiff has a Rule 11 basis to allege that anyone at the County was aware of the Second Charge prior to the November 9, 2023 promotion decision, she can state as much in an amended complaint.

---

[5] The Court may take judicial notice of state administrative proceedings without converting this motion to dismiss into one for summary judgment. *E.g., Shaw v. New Castle County*, 2021 WL 4125648, at *2 (D. Del. Sept. 9, 2021) (taking judicial notice that County ticket issued to plaintiff notified him of his right to appeal).

## V. COUNT III IS A SHOTGUN PLEADING THAT VIOLATES RULE 8(A)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE; IT SHOULD BE DISMISSED

Count III fails for the same reasons Count I does: it is a shotgun pleading.  Count III raises the same "sexual harassment and hostile work environment" claims, this time pursuing them under an equal protection clause theory pursuant to 42 U.S.C. § 1983.  Count III again incorporates dozens of preceding paragraphs, contains multiple claims (premised on both state and federal law), and is directed at one unidentified "defendant" despite there being four defendants named in the case.  It should be dismissed without prejudice as violating Rule 8.

## VI. COUNT V MUST BE DISMISSED BECAUSE THE COUNTY IS STATUTORILY IMMUNE TO STATE TORT CLAIMS SEEKING RECOVERY OF DAMAGES

The Delaware Code's County and Municipal Tort Claims Act ("CMTCA") immunizes the County and its employees "from suit on any and all tort claims seeking recovery of damages."  10 *Del. C.* § 4011(a).  This immunity is subject only to narrow exceptions that are inapplicable here.[6] It is incontrovertible that Plaintiff's claims of negligent supervision, training, and retention are "tort claims seeking recovery of damages."  Thus, the County and its employees are immune to them, and Count V should be dismissed with prejudice pursuant to Rule 12(b)(6).  *E.g., McCaffrey v. City of Wilmington*, 133 A.3d 536, 550 (Del. 2016) (upholding lower court's dismissal of negligent hiring, retention, and supervision claims pursuant to the immunity afforded under 10 *Del. C.* § 4011(a)); *Hurst v. City of Dover*, 2009 WL 364667, at *8 (D. Del. Feb. 13, 2009), *adopted at* 2009 WL 3007733 (D. Del. Sept. 18, 2009) (negligent training/supervision claims subject to CMTCA).

---

[6] In brief, the three exceptions are for damages arising out of: (1) the County's use of vehicles or special equipment; (2) the County's operation or maintenance of public buildings; or (3) the County's accidental discharge of various substances.  10 *Del. C.* § 4012.

**VII. COUNT VI MUST BE DISMISSED BECAUSE THE DDEA IS THE SOLE REMEDY FOR EMPLOYMENT DISCRIMINATION CLAIMS UNDER DELAWARE STATE LAW**

Since 2004, the Delaware Code has precluded common law claims of breach of implied covenant of good faith and fair dealing predicated on alleged employment discrimination. In Delaware, the DDEA is the "sole remedy" for such claims. This Court and the Third Circuit Court of Appeals have long recognized this fact. *E.g.*, *E.E.O.C. v. Avecia, Inc.*, 151 F. App'x 162, 165 (3d Cir. 2005) (recognizing the DDEA barred common law claim for breach of good faith and fair dealing premised on "discrimination in employment practices"); *Wilcoxon v. Red Clay Consol. Sch. Dist. Bd. of Educ.*, 437 F. Supp. 2d 235, 247 (D. Del. 2006) (dismissing common law claim for breach of good faith and fair dealing where DDEA provided exclusive remedy). Plaintiff's claim of breach of implied covenant of good faith and fair dealing must be dismissed with prejudice pursuant to Rule 12(b)(6).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Honorable Court:

(1)     Dismiss without prejudice Meyer, Smith, and Jenkins from this suit pursuant to Rule 8 for failure to identify any claims against them, or, alternatively, in the exercise of the Court's discretion, because any claims against them are "redundant;"

(2)     Dismiss without prejudice Counts I and III as "shotgun pleadings" violating Rule 8(a)(2);

(3)     Dismiss without prejudice Count II for failure to state a claim pursuant to Rule 12(b)(6) and because Plaintiff failed to exhaust her administrative remedies with respect to the Second Charge of Discrimination before filing the Complaint;

(4)     Dismiss with prejudice Counts V and VI for failure to state a claim pursuant to Rule 12(b)(6), because amendment would be futile.

Respectfully submitted,
**NEW CASTLE COUNTY OFFICE OF LAW**

/s/ Wilson B. Davis
Wilson B. Davis (No. 5154)
County Attorney
E-mail: Wilson.Davis@newcastlede.gov
Helene Episcopo (No. 6406)
Assistant County Attorney
E-mail: Helene.Episcopo@newcastlede.gov
New Castle County Government Center
87 Reads Way
New Castle, DE 19720
Telephone: (302) 395-5130
*Attorneys for Defendants*

Dated: August 29, 2024